UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
RICARDO VELASQUEZ, :
:
              Plaintiff, :
:   21-CV-9152 (VSB)
      -against- :
:   **ORDER**
N2M LLC, et al., :
:
             Defendants. :
:
:
------------------------------------------------------------ X

VERNON S. BRODERICK, United States District Judge:

      Plaintiff filed this action on November 4, 2021 against Defendants N2M LLC d/b/a Com Tam Ninh Kieu and Timac Jerome LLC. (Doc. 1.) On December 26, 2021, Plaintiff filed affidavits of service. (Docs. 7 & 8.) The deadline for Defendants to respond to Plaintiff's complaint was December 22, 2021. (*See* Docs. 7 & 8.) On January 5, 2022, I directed Plaintiff to seek default judgment "in accordance with Rule 4(H) of my Individual Rules and Practices in Civil Cases by no later than January 14, 2022." (Doc. 9.) I warned, "If Plaintiff fails to do so or otherwise demonstrate that he intends to prosecute this litigation, I may dismiss Plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.*)

      On January 14, 2022, Plaintiff instead filed a letter explaining that the Secretary of State is taking six to eight weeks to effectuate service and requesting a 45-day extension of time for Defendants to appear. (Doc. 10.) I granted the request. (Doc. 11.) On February 28, 2022, Plaintiff filed a second request for a 45-day extension, explaining that Plaintiff "will be initiating service through an independent process server, as an extra step and precaution in the event the original service through the Department of State by certified mail was ineffectual or not received." (Doc. 12.) I granted the request. (Doc. 13.) On April 15, 2022, Plaintiff reported

that "Plaintiff had to substitute its process server with a more efficient agency, as the one being used by this firm was not providing good service, with some of the servers not doing due diligence and some of the severs [sic] perfunctory at best." (Doc. 14.) Plaintiff represented that "[a] better service company was found" and "Plaintiff recently took an extra step" to mail notice to Defendants. (*Id.*) Plaintiff requested a 30-day extension. (*Id.*) I granted the request in part and denied the request in part. (Doc. 15.) I ordered that Defendants could have an additional 14 days to respond, but directed Plaintiff to seek a default judgment by no later than May 2, 2022. (*Id.*) I warned, again, that if Plaintiff failed to seek default judgment by May 2, 2022, I might "dismiss Plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (*Id.*) I explicitly advised the parties that "future extensions are unlikely to be granted." (*Id.*) On April 25, 2022, Defendants filed a notice of appearance. (Doc. 16.) To date, Defendants have still failed to respond to the Complaint, and Plaintiff has taken no action to prosecute this action.

      Accordingly, this action is dismissed pursuant to Rule 41(b). The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

Dated:    May 3, 2022  
           New York, New York

                                                        VERNON S. BRODERICK  
                                                        United States District Judge